MOSES TOWNSEND v. WILLIAM COLEMAN AND ANOTHER.

Where the entries in a merchant's books are in his own hand-writing, the books are not admissible of course, upon proof of the hand-writing, and that the party is in the habit of keeping correct books ; there ought at least to be the suppletory oath of the party, and if it *prima facie* appear in the course of the examination, that all other means of proof have not been exhausted, the failure to use such means must be satisfactorily accounted for.

Where the plaintiffs in a suit on an account for goods, wares and merchandize, sold and delivered to the defendant, proved by their clerk that their books were in the hand-writing of one of the plaintiffs, and that the plaintiffs were in the habit of keeping correct books, but that witness was not clerk for plaintiffs when any of the articles were sold, and that another person, who was still living, was their clerk at that time, it was held that the books were not sufficiently proved ; that the failure to obtain the evidence of the person who was clerk when the articles were sold, should have been accounted for, to which there ought at least to have been added the suppletory oath of the party.

Appeal from Colorado. Tried below before the Hon. James H. Bell.

Suit by appellees, William and Daniel Coleman, partners, against appellant, commenced October 20th, 1856, on an account for goods, wares and merchandize, sold and delivered. The account was filed with the petition and amounted to $307. The first charge was dated Jan. 15th, 1854 ; the last March 17th, 1855, Items amounting to $77 07, were charged on the 6th of November, 1854 ; and there was a charge " March 17, 1855, 42 lbs. of lard (of Jno. S. Henry,) $6 30 ;" the other items were charged more than two years before the suit was commenced.

Defendant filed a general demurrer, general denial, and plea of the Statute of Limitations.

A jury was waived, and the Judge, on hearing the evidence,

gave judgment for the plaintiffs for $77 07 and the costs of suit. The statement of facts was as follows :

Bankhead, witness for the plaintiffs, stated that he now is clerk and book-keeper in the establishment of the plaintiffs ; that the book which he presented to the Court, is the day book of the plaintiffs ; that he was not the clerk or book-keeper of the plaintiffs at the time, when any part of the account of plaintiffs sued on, was contracted by defendant, nor when any of the items or charges in said account were entered on said day book; that he did not make the entries of any of the items of said account on said day book ; that he knows the hand-writing of William Coleman, one of the plaintiffs in this suit ; that the entries in the day book, of all that portion of the account sued on, which were made on the 6th of November, 1854, are in the hand-writing of said Coleman ; that the person who was clerk and book-keeper of plaintiffs at the time the said entries were made, is still alive ; that the plaintiffs are in the habit of keeping correct books. The witness read the entries on said book, of those items of plaintiffs' account, made on the 6th November, 1854, and the said entries and items corresponded with each other.

There was a bill of exceptions as follows :

Be it remembered that, on the trial of the above entitled cause, the plaintiffs introduced as a witness, Bankhead, to prove the facts set forth in the statement of facts, to the introduction of which testimony the defendants excepted for the following reasons, to-wit : because the said witness stated that he was not the clerk or book-keeper in the establishment of the plaintiffs, when the account sued on was contracted with plaintiffs, nor when any part thereof was so contracted ; and that it was not until after all the entries of the items of said account were made in the day book, that he became the clerk and book-keeper of said establishment of plaintiffs ; and because the said witness stated that the clerk and book-keeper in the establishment of plaintiffs, at the time when said entries were

made, is still alive ; and because he also stated that the entries in said day book, in relation to which he testified, were made by William Coleman, one of the plaintiffs in this cause.   But the Court overruled his said objection, and permitted the said witness to testify as to the facts set forth in the statement of facts.   To which ruling of the Court defendant excepts, &c.


*J. H. Robson*, for appellant.

*Munger & Cook*, for appellees.


WHEELER, J.   Under what rules and restrictions account books containing original entries ought to be admitted in evidence in proof of the delivery of goods therein charged, has been the subject of much discussion, and some diversity of opinion. (1 Cow. & H. Notes to Phil. Ev, 297, n. 201, p. 318.) But under more or less restrictions they have generally been received.   In England a party's own shop books containing original entries made by his clerk, have been admitted in evidence. "' The books must have been kept for the purpose ; and " the entries must have been made contemporaneous .with the " delivery of the goods, and by a person whose duty it was for " the time being to make them. In such cases, the books are held " admissible as evidence of the delivery of the goods therein " charged, where the nature of the subject is such as not to render " better evidence attainable." (Greenl. Ev. Sec. 117 and note.) " In the United States, (says Mr. Greenleaf,) this principle has " been carried farther, and extended to entries made by the " party himself in his own shop books.   Though this evidence " has sometimes been said to be admitted contrary to the rules " of the common law, yet in general its admission will be found " to be in perfect harmony with those rules, the entry being admitted " only where it was evidently contemporoneous with the " fact, and part of the *res gestae*.   Being the act of the party

Townsend v. Coleman.

" himself, it is received with great caution : but still it may be " seen and weighed by the jury." (Id. Sec. 118.) In the notes to the text from which we have quoted, is to be found a concise statement of the result of the rulings upon this subject in the different States ; and in the continuation of the text, the learned author has shown that if the American rule is not in accordance with the principles of the Common Law, it is in conformity with those of other systems of jurisprudence. (Id. Sec. 119 and notes.) Something more, however, has generally been required, than the mere production of the books, and the testimony of a witness that the party was in the habit of keeping correct books. In the present case, the witness did not profess a knowledge of the manner of keeping the books when the entries were made ; and we think the evidence was not sufficient to bring the case within the rules and restrictions which have been generally applied to the admission of such evidence. There ought at least to have been superadded the suppletory oath of the party. As the entries were made by the party, it may not have been necessary to produce the clerk who was in his employment at the time. Yet if he had been introduced, he might perhaps have proved the delivery of some of the goods charged, or something of the dealings of the parties, from which an inference might be drawn as to the correctness of the account. It would have been more satisfactory had he been produced, or his absence explained. If he was not within reach of the process of the Court, the fact might have been stated. To authorize a recovery upon the evidence adduced, we think an adherence to the rules established by the great majority of the cases in the books, would require, that it should have been made satisfactorily to appear that better evidence was not attainable. It does not so appear by the record ; and it is apprehended that to maintain the recovery would be to set a precedent which might be productive of mischief. The evidence might have been sufficient had it been shown that the plaintiffs had exhausted all other means of proof. But this we think should

have been done.    We are of opinion, therefore, that the judgment be reversed and the cause remanded.

Reversed and remanded.